**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0955-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JARED A. HENRY,

     Defendant-Appellant.

_____

Argued February 24, 2021 – Decided March 18, 2021

Before Judges Ostrer, Vernoia and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Accusation No. 12-02-0460.

James H. Maynard argued the cause for appellant (Maynard Law Office, LLC, attorneys; James H. Maynard, on the briefs).

Shiraz Deen, Assistant Prosecutor, argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, on the brief).

PER CURIAM

Defendant Jared Henry appeals from an October 8, 2019 order denying his second post-conviction relief (PCR) petition. We affirm.

On November 16, 2010, defendant was charged with third-degree distribution of obscene materials to a person under the age of eighteen, N.J.S.A. 2C:24-3(b), and second-degree attempted sexual assault, N.J.S.A. 2C:14-2(c)(4). He pled guilty to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), in exchange for a recommended sentence of parole supervision for life (PSL) and compliance with the requirements of Megan's Law, N.J.S.A. 2C:7-1 to -23.

On September 28, 2012, defendant physically appeared before, and was sentenced by, Judge Rochelle Gizinski, in accordance with the plea agreement. He did not file a direct appeal from his conviction or sentence.

On May 30, 2013, counsel for defendant filed defendant's first PCR petition, alleging plea counsel misinformed defendant about the consequences of PSL. In his petition, defendant referenced the judgment of conviction (JOC) "entered by [the trial court] on September 28, 2012." Defendant also annexed to his 2013 petition "[t]he transcript of defendant's sentencing hearing and judgment of conviction . . . as Exhibits F [and] G respectively." The PCR judge

A-0955-19

denied the petition on March 10, 2014. Defendant did not appeal from this PCR denial.

In 2018, defendant moved to withdraw his guilty plea, alleging his JOC was invalid. However, several months later, he withdrew that motion. On July 18, 2019, defendant filed a second petition for PCR, renewing the argument from his first PCR petition that plea counsel was ineffective by misinforming him about the consequences of PSL. Additionally, he contended no valid JOC regarding his September 28, 2012 sentence had been entered in accordance with Rule 3:21-5.

The PCR judge disagreed, and denied defendant's second PCR petition as time barred under Rule 3:22-12(a), finding it was filed more than one year after the March 10, 2014 denial of his first PCR petition. The judge noted that in defendant's first PCR petition, he "certified to the court he was the subject of a valid judgment of conviction which he was then collaterally attacking due to allegations of ineffective assistance of counsel. He failed to raise any claim . . . at that time of an invalid JOC." Moreover, the judge observed that "[a]ll versions of the JOC contained in petitioner's appendix have the following sentence on page three thereof: 'This Judgment of Conviction was signed by the

A-0955-19

Honorable Wendel E. Daniels, P.J.Cr.P., on behalf of the sentencing judge,

Rochelle Gizinski, J.S.C.'"

On appeal, defendant raises the following arguments:

POINT I

THE COURT HAD JURISDICTION TO CONVERT, OR OTHERWISE TREAT PETITIONER'S PCR AS, A MOTION TO WITHDRAW HIS GUILTY PLEA [NOT RAISED BELOW] AND FURTHER HAD JURISDICTION TO HEAR AND DECIDE PETITIONER'S PETITION.

A.   The PCR Court Was Empowered to Decide the Validity of the Judgment of Conviction Recorded by the Court Clerk and Take Appropriate Action Regarding Treating Petitioner's PCR Petition as a Motion to Withdraw His Guilty Plea.

B.   Petitioner's Application to the Court Was Judiciable as No Valid Judgment of Conviction Had Been Entered by the Clerk and Consequently, None of the Time Bars for Direct Appeals or Collateral Attacks on a Conviction Applied.

C.   Petitioner's Assertion that an Unsigned JOC Means the Sentence Has Not Yet Been Formally or Legally Imposed Does Not "Vitiate" the Sentence Ordered by Judge Gizinski.

POINT II

NO LEGALLY VALID, ENFORCEABLE JUDGMENT OF CONVICTION HAS BEEN EXECUTED IN THIS MATTER.

4

A.   JOC#1 – Unsigned, Undated, Received from the File of Prior Counsel.

B.   JOC#2 – Unsigned, Undated, Received from the Office of the Clerk of the Court.

C.   JOC#4 – Unsigned, Undated, Received from the New Jersey State Parole Board.

D.   JOC#5 – Signed by Judge Daniels, but Dated [Two] Weeks Prior to Mr. Henry's Sentencing Date, Obtained from the File of Mr. Henry's Prior PCR Attorney.

E.   JOC#3 – Signed by Judge Daniels, but with the Signature Date Overwritten by Hand, Obtained from the "Indictment File" of the Judge's Records.

POINT III

THE FIVE-YEAR PERIOD DURING WHICH A PETITIONER MUST FILE AN INITIAL PCR DOES NOT BEGIN UNTIL THE JUDGMENT OF CONVICTION IS SIGNED AND ENTERED BY THE CLERK.

We need not address defendant's substantive arguments because we agree with the PCR judge that defendant's second petition is time barred under Rule 3:22-12(a)(2).

Where a PCR court does not conduct an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State

v. Harris, 181 N.J. 391, 421 (2004)). "[S]econd or subsequent petition[s] for post-conviction relief shall be dismissed unless . . . [they are] timely under Rule 3:22-12(a)(2)[.]" State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (fourth alteration in original) (quoting R. 3:22-4(b)).

Rule 3:22-12(a)(2) imposes strict time limits on the filing of a second PCR petition, requiring a defendant to file within one year of the latest of three defined events: the date a new constitutional right is recognized by the United States Supreme Court or our Supreme Court and is retroactive to cases on collateral review; the date the factual predicate for the claim is first discovered, if through reasonable diligence it could not have been discovered earlier; and the date of the denial of a prior PCR petition where it is claimed prior PCR counsel was ineffective. Rule 3:22-12(a)(2)(A)-(C). Significantly, the time bar for second or subsequent petitions for PCR is not contingent on the entry of a JOC.

Here, defendant's underlying claim is that his plea counsel was ineffective by failing to fully explain the consequences of PSL. He asserted that factual claim when he filed his first PCR petition in 2013, and therefore his second PCR petition, which was filed in 2019, is untimely under Rule 3:22-12(a)(2)(b). That factual claim also is barred under Rule 3:22-5. Even if we broadly read

defendant's second PCR petition as alleging his first PCR counsel was ineffective by failing to challenge the validity of the JOC, the second PCR petition is untimely under <u>Rule</u> 3:22-12(a)(2)(c) because it was filed more than a year after the 2014 dismissal of the first PCR petition. Finally, <u>Rule</u> 3:22-12(a)(2)(a) is inapplicable because defendant does not rely on a new constitutional right.

The time bar under <u>Rule</u> 3:22-12(a)(2) may not be ignored or relaxed. <u>Jackson</u>, 454 N.J. Super. at 292-94; <u>see also</u> <u>R.</u> 1:3-4(c) ("Neither the parties nor the court may . . . enlarge the time specified by . . . <u>R.</u> 3:22-12."). Because defendant's second PCR petition was filed more than five years after the March 10, 2014 denial of his first petition, the latter petition was properly denied as time barred. Additionally, since defendant's second PCR petition was properly time barred, an evidentiary hearing on his application was not required. <u>See</u> <u>State v. Brewster</u>, 429 N.J. Super. 387, 401 (App. Div. 2013) ("If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted." (omission in original) (quoting <u>State v. Marshall</u>, 148 N.J. 89, 158 (1997))). The remainder of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

A-0955-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0955-19